## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gordon P. Gallagher

Civil Case No.: 13-cv-01839-MSK-GPG

GALINA WARREN AND JAMES WARREN,

     Plaintiffs,

v.

COMMUNITY LENDING, INC.,   *et al*,

     Defendants.

---

### ORDER REGARDING PLAINTIFF'S MOTION
### FOR AN ORDER FOR SUBSTITUTE SERVICE (Document no. 16)

---

Plaintiff moves for an order for substituted service under Colorado Rule of Civil Procedure 4(f). As a first order of business, Plaintiff's Motion is not in compliance with D.C.COLO.LCivR 7.1 sections A or B in that no statement of conferral is included nor is there any indication that the Motion is not opposed. The Court is aware that Plaintiff's proceed in this matter *pro se*. However, the only *pro se* exception to Rule 7.1 A is for *pro se* prisoners and no indication has been provided to the Court that either Plaintiff is a prisoner. Any further motions or filings not in compliance with said Rule will not be considered by the Court. The Court will Order on the instant Motion, despite the lack of compliance, because it is more expeditious to do so under the circumstances.

Plaintiff wishes to serve a Mr. Richard Couch/ ComUnity Lending and has made some attempts at personal service on this individual. Those attempts have not been fruitful to date. Plaintiff now moves the Court to Order substitute service on Mr. Couch. The Court declines to do so for the following reasons:

As stated above, Plaintiff wishes to serve Mr. Richard Couch/ ComUnity Lending.  Presumably, Mr. Couch is in the United States, at least the Plaintiff is attempting service in the United States.  This is an action filed in the United States District Court for the District of Colorado.  Thus, Federal Rule of Civil Procedure 4(e)(1) applies to this circumstance.  Said Rule allows a party to follow State law for either the jurisdiction in which the district court is located (Colorado) or the district in which the service is being attempted (California).  Plaintiff cites C.R.C.P. 4(f), presumably Colorado Rule of Civil Procedure 4(f), as the basis under which substituted service should be allowed in this circumstance.

C.R.C.P. allows for substituted service when a party cannot accomplish service, when due diligence has been made to try and accomplish service and when a court is convinced that any further efforts would be to no avail.

In the present circumstance, Plaintiff has made some efforts to accomplish service; to wit it appears that an internet search or searches have occurred providing some addresses at which Mr. Couch may have been located.  A process server was sent to these locations and Mr. Couch was not found.

The Court does not believe that these limited efforts rise to the level of due diligence.  Nor is the Court yet convinced that no further efforts are likely to be successful.

Therefore, the Court ORDERS that Plaintiffs' Motion is DENIED.

Dated September 15 , 2013.

BY THE COURT:

s/ Gordon P. Gallagher

_____

Gordon P. Gallagher
U.S. Magistrate Judge