IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 13-cv-01839-MSK-GPG

GALINA WARREN AND JAMES WARREN,

    Plaintiffs,

v.

COM UNITY LENDING, INC.,    *et al*,

    Defendants.

_____

ORDER REGARDING PLAINTIFFS'
MOTION FOR JUDICIAL NOTICE (Document # 19)
_____

**Gordon P. Gallagher, United States Magistrate Judge**

Before the Court is Plaintiffs' motion for judicial notice (document #19). This motion was filed 8/19/2013. Defendants filed a response on September 3, 2013. No reply has been filed. The motion has been referred to this judicial officer for resolution. The Court **DENIES** Plaintiffs' motion for judicial notice in part and **GRANTS** the motion in part.

**PLAINTIFFS PROCEED *PRO SE***

This matter now appears before the Court by way of Plaintiffs' motion for judicial notice. In reviewing this motion, the Court is mindful of the fact that Plaintiffs proceed *pro se*. When a case involves a pro se party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v.. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir.2007). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based ... conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F .3d 1276, 1277 (10th Cir.1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992

**THE INSTANT MOTION**

Defendants filed a motion to dismiss (document #14). The present motion for judicial notice from Plaintiffs was filed subsequent to the briefing for that motion but clearly applies to

that matter. Defendants argue that the substance of Plaintiffs' motion for judicial notice should not be reached as Plaintiffs arguably did not comply with the duty to confer under D.C.COLO.LCivR 7.1. The Court rejects this argument. Much as with Defendants' request for judicial notice in support of the motion to dismiss, Plaintiffs' instant motion is exempt from D.C.COLO.LCivR 7.1.

Defendants also argue that the motion for judicial notice is an improper sur-reply and as such should not be considered. In the "less stringent" spirit of *Trackwell, supra,* the Court declines to follow that reasoning. As to Defendants' position that much of Plaintiffs' motion is argument in the guise of facts, the Court will address that issue below.

Federal Rule of Evidence 201 states in pertinent part:

> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>   **(1)** is generally known within the trial court's territorial jurisdiction; or
>
>   **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> **(c) Taking Notice.** The court:
>
>   **(1)** may take judicial notice on its own; or
>
>   **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.

In paragraph one of the motion for judicial notice Plaintiffs move the Court to take judicial notice of a withdrawn foreclosure as to the property and attaches an exhibit A to

substantiate this request. The Court **DENIES** the motion as to paragraph one. The Court cannot accurately and readily determine the information and the information supplied is not sufficient.

In paragraph two of the motion for judicial notice Plaintiffs move the Court to take judicial notice of the foreclosure filing and of the fact that the loan was current at the time the foreclosure was filed. Defendants have also filed a request for judicial notice. The notice of election and demand for sale is attached to that motion as part of exhibit 4. The filing date on the notice is November 21, 2011. It was received by the Mesa County Clerk and Recorder on November 23, 2011, perhaps explaining why Plaintiffs believed the foreclosure was filed that date. The Court **GRANTS** the motion for judicial notice as to that specific and discrete document only (1 page). The Court **DENIES** the motion as to the remainder of the paragraph.

In paragraph three of the motion for judicial notice Plaintiffs move the Court to take judicial notice of numerous different items. The Court **DENIES** the motion as to the entirety of paragraph three. The items which Plaintiffs seek judicial notice of in said paragraph do not comply with Federal Rule of Evidence 201. All of what Plaintiffs seek to introduce in this paragraph is completely unsubstantiated item facts well outside the bounds of Rule 201 or merely argument couched as supposed facts.

In paragraph four of the motion for judicial notice Plaintiffs move the Court to take judicial notice of numerous different items. The Court **GRANTS** the motion as to the following specific items all of which are attached to Plaintiffs' response to the motion to dismiss (document # 17): the stipulation for diversion (5 pages), the letter from Samuel A. Jones dated November 29, 2012 and attached (2 pages) one-unit residential appraisal field review report and the DORA letter dated April 16, 2013 (2 pages). The Court **DENIES** the motion as to the remainder of paragraph four as those items do not comply with Federal Rule of Evidence 201.

Much of what Plaintiffs seek to introduce in this paragraph is completely unsubstantiated facts well outside the bounds of Rule 201 or merely argument couched as supposed facts.

Dated at Grand Junction, Colorado, this 13th day of October, 2013.

BY THE COURT:

/s/ Gordon P. Gallagher

Gordon P. Gallagher
United States Magistrate Judge