## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.: 13-cv-01839-MSK-GPG

GALINA WARREN AND JAMES WARREN,

    Plaintiffs,

v.

COM UNITY LENDING, INC.,    *et al*,

    Defendants.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE
## REGARDING DEFENDANTS' MOTION TO DISMISS (Document # 14)
_____

**Gordon P. Gallagher, United States Magistrate Judge**

Before the Court is Defendants' (BANA and MERS) Motion to Dismiss (document # 14). In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C.Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. The motion is fully briefed and oral argument would not assist the Court in its adjudication. Based upon the entirety of the record, the Court RECOMENDS that Defendant's Motion to dismiss be **GRANTED**[1].

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**BACKGROUND**

Plaintiffs, Galina and James Warren, took a loan on their home, a property at 669 Pleasant Court in Grand Junction, Colorado, in the amount of $244,900.00 from lender ComUnity Lending, Incorporated, a California Corporation.  The note and deed of trust associated with the loan were both signed by Plaintiffs on July 11, 2007.  Mortgage Electronic Registration Systems, Inc., hereinafter "MERS," is noted in the deed of trust to be a separate corporation acting solely as nominee for the Lender and Lender's successors and assigns.  MERS is the beneficiary under the security instrument.

At some point after the loan was taken the Warrens could no longer make the mortgage payment on the property.  The unfortunate result is that foreclosure proceedings were instituted on November 21, 2011..  The deed and note had previously been assigned to Bank of America, hereinafter "BANA," one of the Defendants herein.  That assignment occurred on October 12, 2011.

In June of 2013, Plaintiffs filed suit in this matter in Mesa County District Court.  Defendants timely removed the State Court action to this Court under a diversity jurisdiction theory.  Plaintiffs proceed *pro se*.

**PLAINTIFFS' CAUSES OF ACTION**

Plaintiffs plead three causes of action.

Plaintiff's' first cause of action is essentially fraudulent inducement. Plaintiffs request to have the loan declared void *ab initio*. Plaintiffs' justification for this cause of action is that the appraisal, conducted by independent appraiser Brownlee who is not a party to this action, inflated the appraisal by approximately $40,000.00 thus inducing the purchase of the home. Plaintiffs claim that had the appraisal not been inflated, they would not have consummated the purchase, and thus not been in this situation.

Plaintiffs' second cause of action is a request for injunctive relief. Plaintiffs requests a temporary restraining order, a preliminary injunction and a permanent injunction to stop the foreclosure of the property and to stop any negative credit reporting associated therewith. Plaintiffs' legal theory is that in some way BANA is not the holder of the note and deed of trust and thus cannot proceed with the foreclosure.

Plaintiffs' third and final cause of action is a request to quiet title. Plaintiffs offer no new legal justification for this cause of action and rely upon their arguments appended to the two prior causes of action.

**PLAINTIFFS PROCEED *PRO SE***

This matter now appears before the Court by way of Defendants' Motion to Dismiss. In reviewing this motion, the Court is mindful of the fact that Plaintiffs proceed *pro se*. When a case involves a pro se party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v.. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir.2007). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based ... conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. *Pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F .3d 1276, 1277 (10th Cir.1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011).

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for*

*the Deaf & Blin*d, 173 F.3d 1226, 1236 (10th Cir.1999) (citation omitted). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC,* 656 F.3d at 1215. Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co*., 555 F.3d 1188, 1191 (10th Cir.2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a). *Iqbal,* 556 U.S. at 679 (quotation marks and citation omitted).

**FIRST CAUSE OF ACTION/ FRAUD**

Plaintiffs' first cause of action alleges fraud. Plaintiffs claim that in 2007 an appraisal was completed on the subject party. This appraisal was accomplished by Brownlee and the appraised value of the home was $245,000.00. Plaintiffs claim that, based on the appraisal, the note and deed of trust were entered into between Plaintiffs and Defendant ComUnity Lending. In 2012 an appraisal review was conducted during which Plaintiffs determined that the real value, or at least the value at that time, of the property was $204,000.00. Based on that new information, Plaintiffs now believe that they were tricked into buying the home, at least at the

6

price at which they purchased. Thus, Plaintiffs ask the Court to void the note and deed of trust *ab initio*.

Fraud has a heightened pleading standard. When alleging fraud, a plaintiff must state with particularity the circumstances constituting the fraud. Fed.R.Civ.P. 9(b).2. "Simply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir.1997) (internal quotations and citations omitted). Fraud requires a showing that the defendant made a false representation of a material fact, the representation must have been known to be false, the person to whom the representation was made must be ignorant of the falsity, there must be an intention that the false information be acted upon and the reliance on the false information must have resulted in damage to the plaintiff. *Nelson v. Gas Research Institute*, 121 P. 3d 340 (Colo. App. 2005).

The instant motion to dismiss has been filed by Defendants BANA and MERS. BANA's involvement in this matter began in 2011 when the deed was assigned. Plaintiffs allege that a fraud was perpetrated against Plaintiff's in 2007. Plaintiffs do not and cannot allege a fraud claim against Defendant BANA. BANA was completely uninvolved in the initial and supposedly fraudulent transaction. Even were some misconduct to have been committed by the original lender, that misconduct cannot be imputed to assignee BANA. *See Warner v. Federal Home Loan Mort. Corp.,* 2013 WL 1281932 at *5 (E.D. Mich. 2013). Thus, the first cause of action should be dismissed as to Defendant BANA.

MERS is involved in this matter solely as nominee for the lender as well as the lender's successors and assigns. To the extent that any cognizable fraud occurred, it would have been

perpetrated by Brownlee acting, assumably if one follows Plaintiffs' line of thought, as an agent for ComUnity. No fraud or misrepresentation has been asserted against MERS. Such assertions cannot be imputed to nominee MERS. Thus, the first cause of action should be dismissed as to Defendant MERS.

In the present circumstances, Plaintiffs have failed to meet the pleading standards necessary for fraud. In particular, Plaintiffs have failed to show an intention that the false information be acted upon and that the reliance on the false information must have resulted in damage to the plaintiff. Generally, the appraisal is subsequent to an offer being made by the buyer (Plaintiffs) and is used only to secure financing. An offer has been tendered prior to the appraisal and the offer amount is based on whatever factors the buyer believes relevant. Nothing indicates that the Plaintiffs had any knowledge of an appraisal in this case prior to the tendering of an offer. In this case, the record is devoid of information as to this fact. There is nothing plead which shows that there was any intent that Plaintiffs act upon the information contained in the appraisal, be it false or otherwise. As to damage, there is no information to show any damage accrued to Plaintiffs because of the appraisal. Plaintiffs could not pay the mortgage. The property is being foreclosed on for that reason. Nothing has been shown to indicate that Plaintiffs could have or would have made a lower mortgage payment, thus stalling the unfortunate foreclosure.

The Court must consider the factual allegations to determine if they plausibly suggest an entitlement to relief. The Court must consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable. In this case the factual allegations do not plausibly suggest an entitlement to relief as to the first cause of action.

**SECOND CAUSE OF ACTION/ VARIOUS REQUESTS FOR INJUNCTIVE RELIEF PREMISSED ON THE ASSERTION THAT BANK OF AMERICA DOES NOT HOLD THE NOTE**

The Court takes judicial notice of Defendants' Exhibit 3, attached to Defendants' request for judicial notice (Document #15), to wit; the assignment of the deed of trust to Bank of America. The Court may consider documents which are not attached to the complaint in a circumstance such as this where the additional documents/ facts are incorporated by reference or judicially noticed. *See City of Boulder v. Public Serv. Co.,* 996 P.2d 198, 203 (Colo. App. 1999); *Walker v. Van Laningham*, 148 P.3d 391, 397 (Colo. App. 2006). "If [the] documents contradict the allegations of the . . . complaint, the documents control and [the] court need not accept as true the allegations in the . . . complaint." *Rapoport v. Asia Electronics Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000). The Court finds the assignment of the deed of trust to be relevant to making a determination of this issue.

Plaintiffs argue, in paragraph 41 of the complaint, that 'Bank of America is not a Note Holder. Furthermore, Note and Deed of Trust are void."

The facts in this case show that if Defendant (BANA for purposes of this issue) had a beneficial interest under the deed of trust with the power to execute a sale, Defendant would be justified so doing. Plaintiffs factually dispute that Defendant possesses such a beneficial interest. If the Court accepted as true the Plaintiffs' factual assertion that Defendant did not possess a beneficial interest, this matter would survive a Rule 12(b) motion to dismiss. As stated in *Iqbal*, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Iqbal*, *supra at* 681. "Courts are not bound to accept as true a legal

conclusion couched as a factual allegation." *Twombly, supra at* 555. "If [the] documents contradict the allegations of the . . . complaint, the documents control and [the] court need not accept as true the allegations in the . . . complaint." *Rapoport v. Asia Electronics Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

Here, a plain reading of the documents contradicts Plaintiffs' allegations. Plaintiffs executed the Deed. The Deed was assignable. In fact, the Deed was assigned to BANA. Here, Plaintiffs make a legal conclusion couched as a factual allegation. Plaintiffs' argument that Defendant did not possess a beneficial interest is just that, an argument but one that is bereft of factual support. A plain reading of the documents shows that Defendant in fact holds a beneficial interest.

Plaintiffs claim that BANA does not hold the note. Here, the documents contradict the allegations and the documents, of which the Court has taken judicial notice, control. Here, Plaintiffs make a legal conclusion couched as a factual allegation. Plaintiffs' argument that the Deed was not assigned is just that, an argument with no factual support. A plain reading of the documents shows that the Deed was assigned.

The Court need not accept as true the bare assertion that there was no assignment of the Deed when the documents contradict that assertion and the documents control. If there was an assignment, as there was here, Plaintiffs' claim for relief is not plausible and thus Plaintiffs are not entitled to relief.

**THIRD CAUSE OF ACTION/ QUIET TITLE**

Plaintiffs' third cause of action is a request for the Court to quiet title against Defendants. As set forth above, Plaintiffs claim that though Defendants may claim an interest in the property,

this interest is void. Thus, Plaintiffs assert that Defendants have "[n]o right, title, estate, lien or interest whatever in the Property or any part thereof."

As stated above, Plaintiffs' statements, however vociferous, do not rise to the level of plausibility. Here, a plain reading of the documents contradicts Plaintiffs' allegations. Here again, Plaintiffs make a legal conclusion couched as a factual allegation. Plaintiffs' argument that Defendants do not possess a beneficial interest is just that, an argument but one that is bereft of factual support. A plain reading of the documents shows that Defendants in fact hold a beneficial interest.

Plaintiffs claim that BANA does not hold the note. Here, the documents contradict the allegations and the documents, of which the Court has taken judicial notice, control. Here, Plaintiffs makes a legal conclusion couched as a factual allegation. Plaintiffs' argument that the Deed was not assigned is just that, an argument with no factual support. A plain reading of the documents shows that the Deed was assigned.

The Court need not accept as true the bare assertion that there was no assignment of the Deed when the documents contradict that assertion and the documents control. If there was an assignment, as there was here, Plaintiffs' claim for relief is not plausible and thus Plaintiffs are not entitled to relief. The Court need not accept Plaintiffs' mere allegation that Defendants have no right to the property thus entitling Plaintiffs to quiet title.

**CONCLUSION**

Having reviewed the Complaint and the arguments advanced by the parties, the Court concludes that Defendants' Motion to Dismiss should be granted. The Complaint lacks sufficient well-pled facts and allegations to satisfy Rule 8 or defeat a motion to dismiss under Rule 12(b)(6).7 Accordingly, IT IS RECOMMENDED that Defendants' Motion to Dismiss be GRANTED and this civil action be dismissed based on failure to state a claim upon which relief can be granted.

Dated at Grand Junction, Colorado, this 13th day of October, 2013.

BY THE COURT:

/s/ Gordon P. Gallagher

Gordon P. Gallagher
United States Magistrate Judge